JTim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
Cameron O. Flynn CA Bar No. 301830
cameron.flynn@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendant HERC RENTALS EMPLOYEE SERVICES LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN ABURTO, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>HERC RENTALS EMPLOYEE SERVICES LLC, a Delaware limited liability company; and does 1 through 100, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>Complaint Filed: October 13, 2025<br>Removed: |

Defendant Herc Rentals Employee Services LLC ("Herc") hereby removes the above-entitled action ("Action") to the United States District Court for the Northern District of California under 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act ["CAFA"]), and 1446. Herc does so on the grounds that: (1) minimal diversity exists between Herc, on the one hand, and Plaintiff Juan Aburto ("Plaintiff") and many of the putative class members, on the other hand; (2) the aggregate number of putative members amongst all proposed classes exceeds 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied.

The foregoing facts were true when Plaintiff filed the Class Action Complaint ("Complaint") and remain true as of the date of filing this Notice of Removal. Removal jurisdiction is therefore appropriate as detailed more fully below.

## I. STATE COURT ACTION

1. Plaintiff filed the Class Action Complaint on October 13, 2025 in San Mateo Superior Court ("Action"), against Herc. (Declaration of Cameron O. Flynn ["Flynn Decl."], ¶ 2; Ex. 1, Complaint.) A copy of the Complaint packet is attached as **Exhibit 1**. The Action was assigned Case No. 25-CIV-08217. (*Id.*)

2. On November 12, 2025, Plaintiff served Herc with the Complaint. (Flynn Decl. ¶ 3: Ex. 2, Proof of Service of Summons.) A copy of the executed Proof of Service of Summons is attached as **Exhibit 2.**

3. Herc filed an Answer to Plaintiff's Complaint in the San Mateo Superior Court on December 11, 2025. (Flynn Decl., ¶ 4; Ex. 3, Answer.) A copy of the Answer to Plaintiff's Complaint is attached as **Exhibit 3.**

## II. REMOVAL IS TIMELY

4. The time to remove under 28 U.S.C. Section 1446(b) does not begin to run until receipt by the defendant, through service or otherwise, of a pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005). Here, the Complaint does not contain all facts and data to calculate the amount in controversy with reasonable certainty as to the

individually named Plaintiff or as to the putative class. Accordingly, it is not possible to ascertain solely from the Complaint all facts and data that this case is removable, and, to date, Herc has not received any other document which would constitute an "other pleading, motion, order or other paper" providing this information. (*See* Flynn Decl.¶ 6.) Accordingly, the time to remove this action has not yet begun. Where the time to remove has not yet expired, a defendant may remove at any time if it uncovers evidence establishing that the case is removable. *Roth v. CHA Hollywood Medical Center, L.P.,* 720 F.3d 1121, 1125 (9th Cir. 2013); see also *Kohrs v. Swift Transportation Co. of AZ, LLC,* No. 24-4483, 2025 WL 3066302, at *2 (9th Cir. Nov. 3, 2025) (finding removal timely where defendant was not placed on notice of removability from the face of the complaint or by service of any other document). As set forth below, Herc has only recently discovered such evidence after collection and review of relevant records of the implicated employees and an analysis of the estimated damages based on reasonable assumptions drawn from the Complaint. Therefore, Herc is timely removing this case based on that information, as well as the allegations in the Complaint.

5. Even if it could be determined from the face of the Complaint that this action is removable, this Notice of Removal would still be timely. Herc was served with the Complaint and Summons on November 12, 2025. (Flynn Decl. ¶ 3; Exhibit 2, Proof of Service.) As such, the time to remove could not expire, at the earliest, until the day after December 12, 2025, the first court day 30 days after service of the Complaint. 28 U.S.C. § 1446(b). This Notice is therefore timely, as it was filed by that date.

## III. <u>REMOVAL IS PROPER UNDER CAFA</u>

6. Removal is proper given Plaintiff's allegations and claims. Plaintiff's Complaint asserts causes of action on a class wide basis for: unpaid overtime, unpaid meal period premiums, unpaid rest period premiums, unpaid minimum wages, final wages not paid timely, wages not timely paid during employment, non-complaint wage statements, filuare to keep requires payroll records, unreimbursed business expenses, and unfair competition. (Ex. 1, Complaint.)

7. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the number of members of all proposed plaintiff classes in the

aggregate is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes such removal under 28 U.S.C. § 1446.

8. This Court has original jurisdiction over the Action under CAFA because it is a civil case filed as a class action wherein at least one member of the putative class is a citizen of a State different from Herc, the number of individuals in the proposed classes in the aggregate is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

**A. <u>CAFA's Diversity of Citizenship Requirement is Satisfied</u>**

9. CAFA's diversity requirement is satisfied "so long as 'any member of a class of Plaintiffs is a citizen of a State different from any defendant.'" *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) (citing *California v. IntelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014)); 28 U.S.C. §§ 1332(d)(2), 1453(a), (b).

10. Plaintiff is a resident of the State of California within the meaning of 28 U.S.C. § 1332(a). (Ex. 1, Complaint, ¶ 5; Johnson Decl. ¶ 6.) Numerous putative class members are also residents of the State of California within the meaning of 28 U.S.C. § 1332(a). (Johnson Decl. ¶ 7.)

11. Under 28 U.S.C. § 1332(d)(10), "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." The Supreme Court has held the "principal place of business" is best read as referring to the place where a company's officers "direct, control, and coordinate its activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). The Court further clarified that the principal place of business was the place where the company "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

12. Herc is, and at all times relevant to this action was, a citizen of Delaware and Florida. Herc is a company organized under the laws of Delaware. Further, Herc headquarters and principal place of business – where its operations are directed, controlled, and managed – is in Florida. Herc has not been incorporated in California and has not had its headquarters, executive offices, or principal place of business in California. Accordingly, Herc is a citizen of Delaware and Florida, and not a citizen of California. (Johnson Decl. ¶ 2.)

13. The CAFA diversity requirement has been met because Plaintiff (or any one of the numerous implicated employees) is a citizen of California and Herc is not; it is a citizen of Delaware and Florida. Removal is therefore proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

**B. <u>CAFA's Class Size Requirement Is Satisfied</u>**

14. Plaintiff purports to brings the Action on behalf of "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." (Complaint, ¶ 13.)

15. Herc disputes Plaintiff's allegations and does not waive any rights to challenge Plaintiff's pleading. Nevertheless, between October 13, 2021 through the date Angela Johnson executed the declaration in support of this Notice of Removal, Herc employed at least 1,647 individuals (in the aggregate). (Johnson Decl. ¶ 3.) This four-year lookback period corresponds within the statutory limitations period of the Unfair Competition claim alleged by Plaintiff. Bus & Prof. Code § 17208; Complaint ¶ 111-117, Prayer. Thus, CAFA's class size requirement is satisfied.

**C. <u>CAFA's $5 Million Amount in Controversy Requirement Is Met</u>**

16. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

17. Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Courts look to the allegations in the complaint in determining the amount in controversy. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017).

/ / /

18. Plaintiff seeks the recovery of meal and rest period premium pay, unpaid wages (including overtime wages), itemized wage statement penalties, and waiting time penalties, on behalf of himself and the putative classes. (*See* Ex. 1, Complaint.) The Complaint, based on the allegations in it, satisfies the $5 million threshold for CAFA removal.[1] *See* 28 U.S.C. § 1332(d).

**1. Relevant Data**

19. From October 13, 2021 to the Notice of Removal, Herc employed, in the aggregate, at least 1,647 non-exempt employees in California. (Johnson Decl. ¶ 3.) Those employees worked approximately 152,083 workweeks. (*Id.*) The average rate of pay is $34.00. (*Id.*)

20. From, October 13, 2022 to the present, Herc separated with at least 637 non-exempt employees in California. (Johnson Decl. ¶ 4.)

21. From October 13, 2024, to the present, Herc employed at least 1,131 non-exempt employees in California for whom there are approximately 25,333 pay periods for which wage statements would be issued. (Johnson Decl. ¶ 5.)

**2. Waiting Time Penalties**

22. Plaintiff alleges "Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not receive all such wages owed to them at the time of their discharge or resignation." (Complaint ¶ 31.) Plaintiff seeks penalties for the alleged failure, stating "Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203." (Complaint ¶ 87.)

23. California Labor Code section 203 provides "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall

---

[1] In alleging the amount in controversy for purposes of CAFA, Herc does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint. Nor does Herc concede that any or all putative class members are entitled to any recovery in this case or are appropriately included in the action. Herc also does not concede Plaintiff can bring claims on class or representative basis.

continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010); see also Complaint ¶ 86.)

24. From October 13, 2022, to the present, Herc separated with at least 637 non-exempt employees in California. (Johnson Decl. ¶ 4.) The average hourly rate is $34.00. This equals an average daily rate (8 hours) of approximately $272. (*Id.*)

25. Therefore, based on Plaintiff's claim of entitlement to statutory penalties premised on violation of Labor Code § 201 and 202, the amount in controversy for waiting time penalties is at least $**5,197,920** ($272 daily rate ($34.00 per hour x 8 hours) x 30 days x 637 putative class members). *See Crummie v. CertifiedSafety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017) (finding it "completely reasonable" for the defendant to assume the maximum, 30-day period of waiting time penalties where the allegations support the assumption); *Demaria v. Big Lots Stores – PNS, LLC*, 2023 WL 6390151, at *7 (E.D. Cal. Sept. 29, 2023) (finding "the recovery of waiting time penalties does not hinge on the number of violations committed; rather Defendants need only have caused and failed to remedy *a* single violation per employee for waiting time penalties to apply"); *Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, 2023 WL 524626 (C.D. Cal. Aug. 14, 2023) (holding that when a waiting time claim is derivative of other labor code violations on behalf of a class, a 100% violation rate is appropriate for former employees).

**3. <u>Wage Statement Penalties</u>**

26. Plaintiff alleges "that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but they did not receive complete and accurate wage statements from Defendants. The deficiencies included, inter alia, the failure to include the total number of hours worked by Plaintiff and the other class members." (Complaint ¶ 33.) Plaintiff further alleges "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members." (Complaint 96.) Plaintiff seeks a penalty for the alleged wage statement violations, contending

"Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a) or an aggregate penalty not exceeding $4,000 per employee. (Complaint ¶ 99.)

27. A one-year statutory period applies to Plaintiff's claim for wage statement penalties. Cal. Code Civ. Proc. § 340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal.App.4th 1454, 1469 (2015). Labor Code § 226(e) provides for the greater of all actual damages or $50.00 for the initial pay period in which a violation occurred and $100.00 for each subsequent pay period in which a violation occurred, up to $4,000.00 per putative class member. Lab. Code § 226(e).

28. From October 13, 2024, to the present, Herc employed at least 1,131 non-exempt employees in California for whom there are approximately 25,333 pay periods for which wage statements would be issued. (Johnson Decl. ¶ 5.)

29. No employee received more than 40 wage statements during this period, so the penalty per person cannot exceed $4,000. (Johnson Decl. ¶ 5.)

30. Based on the above, the total amount of potential wage statement penalties to putative class members in controversy is at least **$2,476,750** (1,131 initial wage statements x $50 = 56,550; 24,202 [25,333 – 1,131] subsequent wage statements x $100 = $2,420,200 [$56,550 + $2,420,200 = $2,476,750]).

**4. <u>Further Data</u>**

31. For purposes of this removal, the claims above are sufficient to support the required $5 million threshold amount in controversy. However, Herc has provided data sufficient to calculate and support, based on Plaintiff's allegations, an even greater amount in controversy. (Johnson Decl. ¶ 3-5.) There is no doubt that, as alleged, the amount in controversy exceeds the requisite threshold.

**5. <u>Attorney Fees</u>**

32. Based on the above, Herc has demonstrated there is at least **$7,674,670** ($5,197,920 + $2,476,750) in controversy in waiting time penalties and restitution for unpaid wages solely from alleged off-the-clock work.

33. Plaintiff also seeks an award for attorneys' fees: "attorneys' fees pursuant to Labor Code sections 218.5, section 1021.5, and/or other applicable law." (Ex. 1, Complaint, Prayer, *see*

*also,* ¶¶ 60, 87, 93, 104, 111, and 121.) In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Altamirano v. Shadow Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. Jan. 14, 2013) (including 25% attorney's fees to increase the amount-in-controversy to above $5 million CAFA threshold).

34. Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$1,918,668** ($7,674,670 x 0.25).

### 6. Summary

35. Based Plaintiff's allegations, the amount in controversy is at least **$9,593,338** ($7,674,670 + $1,918,668). The Complaint satisfies the $5 million threshold.

## IV. VENUE IS PROPER IN THIS COURT

36. Under 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of San Mateo is within the Northern District of California. 28 U.S. Code § 84(a). As such, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

37. The undersigned is counsel of record for Defendant Herc.

38. Under 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the Declaration of Cameron O. Flynn, and Exhibits 1 to 3 thereto, which constitute a copy of all processes, pleadings, and orders provided to Herc. (Flynn Decl. ¶ 5.)

39. As required by 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as detailed above.

40. As required by 28 U.S.C. §1446(d), Herc provided Notice of Removal to Plaintiff through his attorneys of record.

41. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of San Mateo.

42. If this Court has a question regarding the propriety of this Notice of Removal, Herc respectfully requests it issue an Order to Show Cause so it may have an opportunity to provide additional briefing on the grounds for this removal, including further detail regarding the full amount in controversy.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Herc removes the above-entitled action to the United States District Court for the Northern District of California.

DATED: December 11, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Tim L. Johnson*
Tim L. Johnson
Cameron O. Flynn
Attorneys for Defendant HERC RENTALS EMPLOYEE SERVICES LLC